# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**RONAGAL LAMAR OUTLAW**                                                        **PLAINTIFF**

**V.**                                                                           **NO. 1:14CV00057-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                              **DEFENDANT**

### FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an

unfavorable final decision of the Commissioner of the Social Security Administration denying a

claim for a period of disability and Disability Insurance Benefits. The parties have consented to

entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C.

§ 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having

reviewed the administrative record, the briefs of the parties, and the applicable law and having

heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench during oral argument, the court finds

the ALJ's residual functional capacity ("RFC") determination is not supported by substantial

evidence in the record. For example, despite the record being replete with subjective symptoms

of pain and "locking" of the hands with increased use and examining physician evidence of

"worsening of carpal tunnel syndrome" (Dr. Hector Caballero, March 2013) and "decreased

sensation" in both of Plaintiff's hands (Dr. Barbara Fleetwood, March 2013), the ALJ

determined the claimant was capable of sedentary jobs that require "frequent" fingering and

handling. This is particularly troubling in view of the fact no examining or treating physician

assessment supports a finding of such capacity and the fact vocational expert testimony indicates

Plaintiff would <u>not</u> be capable of performing any jobs in the national economy if he retained the ability to handle and finger only on an "occasional" (or less) basis. Accordingly, on remand, the ALJ shall order another consultative examination and obtain a medical source statement. After receiving the additional evidence, the ALJ shall reconsider the claimant's RFC for the relevant period and, if necessary, obtain additional vocational expert testimony. The ALJ may conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 26th day of November, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE